UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 25-9474-KK-ASx | Date: | October 9, 2025 |
|---|---|---|---|
| Title: | *Homero Garcia v. Kristi Noem et al.* | | |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Twyla Freeman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(In Chambers) Order GRANTING Petitioner's Ex Parte Application for Temporary Restraining Order [Dkt. 3]**

I.
**INTRODUCTION**

On October 3, 2025, Petitioner Homero Garcia ("Petitioner"), who is currently detained in the custody of Immigration and Customs Enforcement ("ICE"), filed a Petition for Writ of Habeas Corpus against respondents Kristi Noem, Pam Bondi, Todd Lyons, and David Martin ("Respondents"). ECF Docket No. ("Dkt.") 1, Petition ("Pet."). On October 7, 2025, Petitioner filed an Ex Parte Application, seeking a Temporary Restraining Order ("TRO") enjoining Respondents from continuing to detain Petitioner unless Petitioner is provided with an individualized bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a) ("Section 1226(a)") within seven (7) days. Dkt. 3, Application ("App."). On October 8, 2025, Respondents filed an Opposition. Dkt. 4, Opposition ("Opp.").

The central issue in this matter is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("Section 1225(b)(2)"). Petitioner argues his detention under Section 1225 is unlawful and he should be detained under Section 1226(a), which entitles him to a bond hearing. App. at 9-17. Respondent argues mandatory detention is proper under Section 1225, and Petitioner is not entitled to a bond hearing. Opp. at 9-13.

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, Petitioner's Ex Parte Application is **GRANTED**.

## II.
## BACKGROUND

Petitioner has resided in the United States since approximately 2000.  Pet., ¶ 1.  In September 2025, ICE apprehended Petitioner, and Petitioner is currently detained at the ICE Adelanto Detention Center.  Id. ¶¶ 1-2.  Petitioner is "only charged with having entered the United States without inspection" ("EWI") in violation of 8 U.S.C. § 1182(a)(6)(A)(i) ("Section 1182(a)(6)(A)(i)").  Id. ¶ 3.

Petitioner sought a bond redetermination hearing before an IJ.  Id. ¶¶ 4-5.  On October 8, 2025, the IJ denied Petitioner's request for bond, finding Petitioner is not entitled to a bond hearing.  Dkt. 6 at 1.  The IJ's decision is consistent with new ICE policy issued on July 8, 2025, titled "Interim Guidance Regarding Detention Authority for Applicants for Admission" ("Interim Guidance").  See ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission, Am. Imm. L. Ass'n (July 8, 2025), https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission.  The Interim Guidance instructs ICE employees to consider anyone present in the United States, who has not been admitted or who arrives in the United States as an "applicant for admission" under Section 1225(a)(1), subject to mandatory detention under Section 1225(b)(2) and ineligible for a bond hearing before an immigration judge.  Id.

This matter, thus, stands submitted.

## III.
## LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Under Federal Rule of Civil Procedure 65, the Court may grant a preliminary injunction to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).

The party seeking such relief must establish: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities weighs in its favor; and (4) the injunction is in the public interest ("Winter factors").  See Winter, 555 U.S. at 20.  Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the Winter standard."  Fraihat v. U.S. Immigr. & Customs Enf't, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified).  Under the serious questions standard, the four Winter elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another."  All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).  Under this approach, a TRO may be warranted where there are "'serious questions going to the merits' and a hardship balance . . . tips sharply toward the plaintiff," and so long as the other Winter factors are also met.  Id. at 1132.

IV.
**DISCUSSION**

A.   **THE COURT HAS JURISDICTION OVER PETITIONER'S CLAIMS**

Respondents first argue this Court lacks jurisdiction to review Petitioner's claims under 8 U.S.C. § 1252 ("Section 1252"). Opp. at 5. As discussed below, the Court rejects this argument and finds it has jurisdiction to review Petitioner's claims.

   1.   **Section 1252(g)**

      a.   **Applicable Law**

Section 1252(g) provides "no court shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen]." 8 U.S.C. § 1252(g). The Supreme Court has held Section 1252(g) should be read narrowly to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999). In doing so, the Court found it "implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings." Id. Section 1252(g) is a "discretion-protecting provision" that is "directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." Id. at 485 n.9, 487. In addition, the Ninth Circuit has held that "the district court may consider a purely legal question that does not challenge the Attorney General's discretionary authority, even if the answer to that legal question—a description of the relevant law—forms the backdrop against which the Attorney General later will exercise discretionary authority." U.S. v. Hovsepian, 359 F.3d 1144, 1155 (9th Cir. 2004).

      b.   **Analysis**

Here, Petitioner raises a question of law as to whether his detention falls under the statutory provision of Section 1226(a) or Section 1225(b)(2). This is not a "challenge the Attorney General's discretionary authority" to commence, adjudicate, or execute removal proceedings. Hovsepian, 359 F.3d at 1155. Thus, because Section 1252(g) does not "bar judicial review of questions of law and fact that are unrelated to the removal proceeding," Section 1252(g) does not bar review of Petitioner's claims. Mosqueda v. Noem, No. 5:25-CV-02304-CAS-BFx, 2025 WL 2591530, at *3 (C.D. Cal. Sept. 8, 2025). Accordingly, Section 1252(g) does not present a jurisdictional bar to Petitioner's claims.

   2.   **Section 1252(a)(5) and (b)(9)**

      a.   **Applicable Law**

Section 1252(b)(9) provides "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an [noncitizens] . . . shall be available only in judicial review of a final order." 8 U.S.C. § 1252(b)(9). Section 1252(a)(5) clarifies that "a petition for review filed

with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued." 8 U.S.C. § 1252(a)(5). "Taken together, [Section] 1252(a)(5) and [Section] 1252(b)(9) mean that *any* issue—whether legal or factual—arising from *any* removal-related activity can be reviewed *only* through the [petition-for-review] process." J.E.F.M. v. Lynch, 837 F.3d 1026, 1031 (9th Cir. 2016).

        **b.**        **Analysis**

Here, Petitioner does not challenge an order of removal. Indeed, there is no order of removal against Petitioner. Rather, Petitioner only contends his detention should be subject to Section 1226(a) and not Section 1225(b)(2), which the Court discusses further below. Thus, Section 1252(b)(9) does not bar judicial review of Petitioner's claims. See, e.g., Mosqueda, 2025 WL 2591530, at *3 ("The Supreme Court determined that the 'arising from' language of [Section] 1252(b)(9) should not be interpreted so expansively as to include any action that technically follows the commencement of removal proceedings, because that would bar judicial review of questions of law and fact that are unrelated to the removal proceeding until a final order of removal was issued."). Accordingly, Sections 1252(a)(5) and (b)(9) do not present a jurisdictional bar to Petitioner's claims.

\* \* \* \* \*

Accordingly, the Court finds no applicable jurisdictional bar to judicial review of Petitioner's claims.

**B.**        **THE <u>WINTER</u> FACTORS WEIGH IN FAVOR OF GRANTING THE TEMPORARY RESTRAINING ORDER**

        **1.**        **The Likelihood of Success on the Merits**

The likelihood of success on the merits is the most important Winter factor, which "is especially true for constitutional claims." Junior Sports Mags. Inc. v. Bonta, 80 F.4th 1109, 1115 (9th Cir. 2023) (citing California v. Azar, 911 F.3d 558, 575 (9th Cir. 2018)). Petitioner argues his ongoing detention under Section 1225(b)(2) and the denial of an individualized bond hearing based on the Interim Guidance violates the Due Process Clause. App. at 20. Respondents maintain Petitioner is lawfully detained under Section 1225(b)(2) because he is properly classified as an "applicant for admission." Opp. at 9-11.

The Court finds Petitioner is likely to succeed on the merits or has at least raised "serious questions" regarding the merits of his claim that he is wrongfully detained pursuant to Section 1225(b)(2)'s mandatory detention scheme rather than Section 1226(a)'s discretionary detention scheme. Contrary to the Interim Guidance, Section 1225 does not apply to Petitioner, and the plain language of Section 1226 suggests Petitioner is entitled to a bond hearing.

First, the Court finds Section 1225 does not appear to apply to Petitioner because it "applies primarily to [noncitizens] seeking entry into the United States." Jennings v. Rodriguez, 583 U.S. 281, 297 (2018). The parties do not dispute Petitioner has been in the United States for over two decades. Pet., ¶ 1. Under Section 1225(a), a noncitizen who "arrives in the United States" or "is present" in the United States but "has not been admitted" is treated as "an applicant for admission." 8 U.S.C. § 1225(a)(1). Applicants for admission must "be inspected by immigration officers" to

ensure that they can be admitted into the country consistent with immigration law. 8 U.S.C. § 1225(a)(3). "That process of decision generally begins at the Nation's borders and ports of entry, where the Government must determine whether an [noncitizen] seeking to enter the country is admissible." Jennings, 583 U.S. at 287. Hence, while Section 1225(b)(2) mandates detention for a removal proceeding, 8 U.S.C. § 1225(b)(2)(A), Section 1225 does not apply to Petitioner, who has been continuously present in the United States and is not seeking admission.

Respondents argue Matter of Yajure Hurtado, 29 I&N Dec. 216 (2025), which was issued last month, should control. In Matter of Yajure Hurtado, the Board of Immigration Appeals ("BIA") issued a new and novel interpretation of Section 1225, rejecting the argument that the noncitizen was not "seeking admission" under Section 1225(b)(2) because he had been residing within the United States. See 29 I&N Dec. 216 (2025). However, the Court need not defer to the BIA to interpret ambiguity in statutes. See Barrera v. Tindall, No. 3:25-CV-541-RGJ, 2025 WL 2690565, at *5 (W.D. Ky. Sept. 19, 2025) (declining to follow Matter of Yajure Hurtado's novel interpretation of Section 1225). In addition, the BIA's recent decision "merit[s] little deference due to its inconsistency with earlier BIA decisions" and its reasoning being "at odds with the text of [Section 1225 and Section 1226]." Valencia Zapata v. Kaiser, No. 25-CV-07492-RFL, 2025 WL 2741654, at *10 (N.D. Cal. Sept. 26, 2025) (declining to follow Matter of Yajure Hurtado's novel interpretation of Section 1225). Hence, like other district courts, the Court declines to adopt Matter of Yajure Hurtado's interpretation of Section 1225. See, e.g., Lepe v. Andrews, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *9 (E.D. Cal. Sept. 23, 2025) (declining to follow Matter of Yajure Hurtado's novel interpretation of Section 1225); Guerrero Orellana v. Moniz, No. 25-CV-12664-PBS, 2025 WL 2809996, at *8 n.4 (D. Mass. Oct. 3, 2025) (noting "the Court does not find the BIA's analysis of the issue to be persuasive"); S.D.B.B. v. Terry S. Johnson, No. 1:25-CV-882, 2025 WL 2845170, at *5 (M.D.N.C. Oct. 7, 2025) (holding the BIA decision conflicts with "virtually every district court nationwide that has addressed these sections and found that [Section] 1225 either does not or likely does not broadly apply to [noncitizens] already present within the United States").

Second, the Court finds Petitioner is subject to Section 1226(a), which entitles him to a bond hearing. Section 1226 "applies to [non-citizens] already present in the United States." Jennings, 583 U.S. at 303. Individuals detained under Section 1226(a) are entitled to receive bond hearings at the outset of detention. 8 C.F.R. § 236.1(d)(1); see also Jennings, 583 U.S. at 306. Section 1226(c) does create a carve out for categories of individuals "who may not be released under [Section] 1226(a)" and this subsection specifically mandates detention for a noncitizen "who falls into one of several enumerated categories involving criminal offenses and terrorist activities." Jennings, 583 U.S. at 289. However, the Court finds Petitioner does not fall into one of the enumerated categories.

Indeed, the only potentially applicable category is Section 1226(c)(1)(E), which creates a carve out for individuals, like Petitioner, who are charged with violating Section 1182(a)(6)(A). See 8 U.S.C. § 1226(c)(1)(E)(i). However, Section 1226(c)(1)(E) makes a noncitizen subject to mandatory detention only if he (a) is inadmissible under the applicable statutes, including Section 1182(a)(6)(A), "and" (b) is charged with, arrested for, convicted of, or admits to committing certain crimes. See 8 U.S.C. § 1226(c)(1)(E) (emphasis added). Here, there is no evidence Petitioner has been charged with, arrested for, convicted of, or admitted to the crimes listed in Section 1226(c)(1)(E). Hence, Section 1226(c)(1)(E) does not apply, and Petitioner is subject to Section 1226(a).[1]

---

[1] To the extent Respondents argue Congress intended for Section 1225 to apply to all noncitizens present in the United States who had not been admitted, "it would render the exception

Accordingly, the first Winter factor weighs in favor of Petitioner.

### 2. The Likelihood of Irreparable Harm

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) (quoting Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012)). "Deprivation of physical liberty by detention constitutes irreparable harm." Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018) (citing Hernandez, 872 F.3d at 994). Indeed, Petitioner "suffers potentially irreparable harm every day that he remains in custody without a hearing, which could ultimately result in his release from detention." Cortez v. Sessions, 318 F. Supp. 3d 1134, 1139 (N.D. Cal. 2018) (citation modified). Here, as stated above, Petitioner has been detained improperly under Section 1225 and deprived of a bond hearing pursuant to Section 1226(a), which Petitioner alleges violates his Due Process rights. App. at 20. Hence, there can be no doubt Petitioner is – and will continue to be – irreparably harmed absent relief from this Court.

Accordingly, the second Winter factor weighs in favor of Petitioner.

### 3. Balance of Equities and Public Interest

The final two Winter factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009). The Ninth Circuit has recognized that "neither equity nor the public's interest are furthered by allowing violations of federal law to continue." Galvez v. Jaddou, 52 F.4th 821, 832 (9th Cir. 2022) (affirming the balance of hardships weighed in favor of plaintiffs alleging the government violated the INA). In addition, Respondents' interest in enforcing its immigration laws is not persuasive because "our system does not permit agencies to act unlawfully even in pursuit of desirable ends." Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs., 594 U.S. 758, 766 (2021) (citing Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 582 (1952)); see also Cmty. Legal Servs. in E. Palo Alto v. United States Dep't of Health & Hum. Servs., 777 F. Supp. 3d 1039, 1045-46 (N.D. Cal. 2025), appeal dismissed, No. 25-2358, 2025 WL 1189827 (9th Cir. Apr. 18, 2025) ("[C]ourts regularly find that "[t]here is generally no public interest in the perpetuation of unlawful agency action.") (citation modified).

Accordingly, the third and fourth Winter factors weigh in favor of Petitioner.

\* \* \* \* \*

Thus, because all four Winter factors weigh in favor of Petitioner, Petitioner is entitled to a Temporary Restraining Order. See, e.g., Mosqueda, 2025 WL 2591530, at *3 (granting petitioner's temporary restraining order to enjoin the government from detaining petitioner pursuant to Section 1225 rather than Section 1226).

///

---

made under [Section] 1226(c)(1)(E) unnecessary." Gonzalez v. Noem, 5:25-cv-02054-ODW-ADSx, Dkt. 12 at 7.

# V.
# CONCLUSION

For the reasons set forth above, the Court orders as follows:

1. Petitioner's Ex Parte Application for Temporary Restraining Order is **GRANTED**.
2. Respondents are enjoined from relocating Petitioner outside the Central District of California pending final resolution of this case.
3. Respondents are enjoined from continuing to detain Petitioner unless they provide him with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days.
4. Respondents are **ORDERED TO SHOW CAUSE in writing no later than seven (7) days from the date of this order** why the Court should not issue a preliminary injunction.  Petitioner may file a Reply **no later than ten (10) days from the date of this order**.

**IT IS SO ORDERED**.