UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 25-09474-KK-AS | Date: | November 17, 2025 |
|---|---|---|---|
| Title: | *Homero Garcia v. Kristi Noem et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Twyla Freeman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) ORDER TO SHOW CAUSE Regarding Dismissal

On October 3, 2025, petitioner Homero Garcia ("Petitioner") filed a Petition for Writ of Habeas Corpus against respondents Kristi Noem, Pam Bondi, Todd Lyons, and David A. Marin ("Respondents"). ECF Docket No. ("Dkt.") 1, Petition ("Pet."). On October 7, 2025, Petitioner filed an Ex Parte Application ("Application"), seeking a Temporary Restraining Order enjoining Respondents from continuing to detain Petitioner unless Petitioner was provided with an individualized bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a) ("Section 1226(a)") within seven days. Dkt. 3-1, Application ("App.") at 6.

On October 9, 2025, the Court granted Petitioner's Application and issued an order enjoining Respondents from relocating Petitioner outside the Central District of California pending final resolution of this case and from continuing to detain Petitioner unless they provided him with an individualized bond hearing before an IJ pursuant to Section 1226(a) within seven days of the order. Dkt. 7 at 7. The Court also ordered Respondents to show cause in writing within seven days of the order as to why the Court should not issue a preliminary injunction. Id.

On October 16, 2025, Respondents filed a Response to the October 9, 2025 order to show cause. Dkt. 8.

On October 17, 2025, Respondents filed a Supplemental Response to the October 9, 2025 order to show cause, providing an order from the IJ showing Petitioner was scheduled for a bond hearing on October 16, 2025, but withdrew his bond request. Dkt. 9 at 2; Dkt. 9-1, Ex. A.

On the same day, Petitioner filed a Reply to Respondents' Response and Supplemental Response. Dkt. 10, Reply. In the Reply, Petitioner's counsel explained the IJ provided Petitioner the option of withdrawing the motion for bond redetermination and resubmitting a new motion addressing the IJ's concerns regarding flight risk. Id. at 2. Petitioner's counsel, therefore, withdrew the motion with the intent of filing a renewed motion by the following week "at the latest." Id. at 3. Accordingly, Petitioner requested the preliminary injunction "remain in place until Petitioner's motion for bond redetermination has been adjudicated on the merits." Id.

On October 28, 2025, the Court issued an Order to Show Cause ("OSC"), ordering Petitioner to show cause in writing within seven days of the order as to why the Court should not dismiss the Petition as moot, given Petitioner "ha[d] not provided further updates on whether he ha[d] filed a renewed motion or received a bond hearing addressing the merits of his bond request." Dkt. 11 at 2.

On November 3, 2025, Petitioner filed a Response to the Court's October 28, 2025 OSC. Dkt. 12. Petitioner informed the Court that Petitioner's bond hearing had been rescheduled to November 12, 2025 and requested the Court neither deny nor dismiss the Petition "until at the very least the IJ adjudicates his renewed request for bond redetermination." Id. at 2. In support of the Response, Petitioner submitted the notice showing his custody redetermination hearing was scheduled for November 12, 2025 at 8:30 a.m. Dkt. 12-1.

On November 7, 2025, Respondents filed a Reply. Dkt. 13. In their Reply, Respondents stated they "believe[d] that the best course of action is for that hearing to proceed, and for the Petitioner to simply file a prompt voluntary dismissal after it has been held—or at minimum, file a copy of the bond hearing order, at which time this matter should be dismissed as moot." Id. at 2.

In light of Petitioner's Response and Respondents' Reply, the Court discharged the October 28, 2025 OSC. Dkt. 14. The Court further ordered Petitioner "to provide the Court with the outcome of the November 12, 2025 bond hearing no later than November 13, 2025." Id.

On November 13, 2025, Petitioner filed a status report regarding the outcome of Petitioner's November 12, 2025 bond hearing. Dkt. 15. Petitioner's counsel informed the Court that the IJ denied Petitioner release on bond because he was deemed a flight risk. Id.

The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Nw. Env't Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988). "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987); see also NASD Disp. Resol., Inc. v. Jud. Council, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding the appeal to be moot when plaintiffs were already granted the relief they sought). Further, courts have an obligation to consider mootness sua sponte and should deny requested relief where it is superfluous. In re Burrell, 415 F.3d 994, 997 (9th Cir. 2005).

Here, the relief requested in the Petition is a bond hearing on the merits or release from custody. Pet. at 13; App. at 7. Given that Petitioner has received a determination on the merits of his bond request by an IJ as requested, see dkt. 15, it appears this case is moot. Accordingly,

Petitioner is **ORDERED TO SHOW CAUSE** in writing no later than **seven (7) days** of this order as to why the Court should not dismiss the Petition as moot. Respondents may file a Response no later than **ten (10) days** from the date of this order.

    **IT IS SO ORDERED**.